Dennis TCHIR, Plaintiff—Appellant,

v.

UNIFIED WESTERN GROCERS INC., Defendant—Appellee.

No. 03–36005.

D.C. No. CV–02–00303–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2005.

Decided June 8, 2005.

Daniel W. Dickerson, Esq., Portland, OR, for Plaintiff—Appellant.

Paul C. Buchanan, Esq., and Katherine K. Rosenbaum, Esq., Stoel Rives, LLP, Portland, OR, for Defendant—Appellee.

Before GOODWIN and CLIFTON, Circuit Judges, and RHOADES,* District Judge.

GOODWIN, Circuit Judge, dissenting.

## MEMORANDUM **

Dennis Tchir, a former truck driver for Unified Western Grocers, Inc., brought an action against Unified claiming that it had discriminated against him in violation of Or.Rev.Stat. § 659A.109 when he was terminated seven weeks after he filed a workers' compensation claim.[1] The district court granted summary judgment for Unified, concluding that Tchir failed to establish a genuine issue of material fact that Unified's stated reason for terminating Tchir was merely pretextual. Tchir appeals; we affirm.

To defeat summary judgment Tchir must show that there is a genuine dispute about a material fact. Fed. R. Civ. Pro. 56(e). To be genuine there must be sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 250, 106 S.Ct. 2505 (citations omitted).

Tchir has failed to carry his burden of producing sufficient evidence to establish a genuine dispute about a material fact such that a reasonable jury could find in his favor. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Court articulated the analytical framework we must follow to assess whether a party claiming employment discrimination can survive a motion for summary judgment. The plaintiff must first create a rebuttable presumption of discrimination by establishing a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. The burden then shifts to the employer to rebut the presumption by articulating some legitimate, nondiscriminatory reason for the termination. *Id.* at 802–03, 93 S.Ct. 1817. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the burden shifts back to the plaintiff to proffer "specific and substantial" evidence that the reason articulated by the defendant was merely pretextual. *See Stegall v. Citadel Broad. Co.*, 350 F.3d

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claim resulted from an injury Tchir sustained to his foot while unloading a truck. He was treated with a plantar flexion splint and released to light duty.

1061, 1066 (9th Cir.2003); *Snead v. Met. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093–94 (9th Cir.2001). Specific and substantial evidence in the context of a "mixed motives" case under Oregon law, such as this where it is conceded that Unified did in fact have cause to fire him, requires Tchir to produce sufficient evidence that would support a judgment by a rational jury that he would not have been fired but for the unlawful discriminatory motive of his employer. *See Hardie v. Legacy Health Sys.*, 167 Or.App. 425, 435, 6 P.3d 531 (2000); *Pool v. VanRheen*, 297 F.3d 899, 910 (9th Cir.2002) (applying Oregon law).

A prima facie case for retaliatory discharge under Or.Rev.Stat. § 659A.109 is established by proving that (1) the plaintiff invoked the workers' compensation system; (2) the plaintiff was discriminated against in the tenure, terms or conditions of employment; and (3) the employer discriminated against the plaintiff in the tenure or terms of employment because he invoked the workers' compensation system. *Stanich v. Precision Body & Paint*, 151 Or.App. 446, 457, 950 P.2d 328 (1997). Unified concedes the first two prongs of the analysis, namely that Tchir filed a workers' comp claim and that Tchir was fired. We assume, as the district court did, that the third prong was satisfied by the fact that there was sufficient "temporal proximity" between the date Tchir filed his claim and the date he was terminated to support an inference of retaliation. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir.2003).

■ We conclude Unified has met the burden which shifted to it under *McDonnell Douglas* by articulating a legitimate, nondiscriminatory reason for the termination. Tchir was fired after failing to either show up for work or call in to explain his absences for several days in a row, in violation of Unified's employee handbook and departmental policy and the terms of the collective bargaining agreement by which Tchir was bound. The CBA clearly provided that the consequence of failing to report for two scheduled workdays was that the employee was deemed to have quit. Unified, nevertheless, provided Tchir with a second chance by giving him the opportunity to meet with the director of human resources to explain why he had not called in as required. It was only after Tchir failed to schedule the requested meeting that Unified terminated his employment.

■ Because Unified rebutted the presumption that Tchir was terminated due to his workers' compensation claim, in order to defeat summary judgment Tchir was required to produce specific and substantial evidence sufficient to support a finding that he would not have been fired but for the fact that he filed a workers' compensation claim. The evidence offered by Tchir in support of his argument is not sufficient to sustain such a finding.

Tchir cited to three pieces of evidence. First, he pointed to the fact that Unified's Human Resources Director submitted the paperwork necessary to generate his final paycheck a few days prior to the date she had given him as his last opportunity to meet with her. But that only proved that the HR Director expected that Tchir was going to be terminated and acted to ensure that his final paycheck would be in hand to give to him on his last day if the termination did occur. It did not support Tchir's claim that the termination was for an improper reason. By the time she submitted the payroll request, the HR Director had already received a letter from Tchir indicating that he did not intend to meet with her, so she had reason to expect that he would be terminated. The submission of the payroll request was not incon-

sistent with the legitimate, nondiscriminatory justification offered by Unified.

Second, Tchir presented an email from the HR Director instructing Tchir's immediate supervisor not to call Tchir prior to Tchir meeting with her. Again, that evidence did not support Tchir's argument regarding the company's motive. The fact that the HR Director did not want anyone else helping Tchir to follow company regulations was consistent with the legitimate justification that Unified was assessing whether Tchir would comply with company guidelines and instructions. Even assuming that the email evinces a desire on the part of the HR Director to end Tchir's employment, it provides no probative support for the dispositive issue, whether Tchir would not have been terminated but for his workers' compensation claim.

Third, Tchir cited an email from the HR Director observing that Tchir was seeing the same doctor as someone else she knew. That evidence did not support Tchir's claim regarding the company's motivation, either. Although Tchir asserted in his opening brief on appeal that he had a good faith belief that Unified had a negative reaction to that doctor, that assertion was not before the district court when it considered the motion for summary judgment, nor is such an unauthenticated statement sufficient to defeat a motion for summary judgment under Fed R. Civ. Pro. 56(e). The fact that Tchir shared a doctor with an acquaintance is not sufficiently probative evidence that Unified fired Tchir because he filed a workers' compensation claim and not because he violated an established rule that carried a penalty of terminating the employment relationship.

At best Tchir presented evidence that was colorable but not sufficiently probative to satisfy the third prong of the *McDonnell Douglas* analysis. We conclude, therefore, that the district court did not err in granting Unified's motion for summary judgment. *See Snead v. Met. Prop. & Cas. Ins. Co.*, 237 F.3d at 1091 (explaining that permitting a plaintiff to go forward who has not presented sufficient evidence to survive summary judgment on the third *McDonnell Douglas* component "only delays the inevitable").

AFFIRMED.

GOODWIN, Circuit Judge.

I respectfully dissent. It is self evident from the memorandum disposition that the majority is weighing the evidence, a task ordinarily left to the trier of fact. The inferences to be drawn from such evidence as the e-mail to the supervisor, the advance preparation of the discharge paperwork, and the not-so-casual mention of the plaintiff's choice of a plaintiff's doctor should be grist for the fact finding mill.